**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ERIC THOR TROVE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:23-CV-440 |
| | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondents. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Eric Thor Trove, an inmate at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the calculation of his sentences.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (#39). Plaintiff filed Objections to the Report and Recommendation (#40). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended denying this habeas petition as time-barred and as lacking in merit. Petitioner only objects to the merit-based determination, stating Respondent failed to provide any documentation that he was given a paper parole determination. The magistrate judge cited to the Affidavit of Charley Valdez and the state habeas records that demonstrate the time calculation. That they are not referenced as a "paper parole" determination is irrelevant. The Objections are overruled.

**ORDER**

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report (#39) of the magistrate judge is **ADOPTED.**  A Final Judgment will be entered in this case in accordance with the magistrate judge's recommendations.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Thus, Petitioner has failed to

2

make a sufficient showing to merit the issuance of a certificate of appealability.  Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 3rd day of April, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE